IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK DAMEAN STEWART,

      Plaintiff,

v.

SOUTHERN DISTRICT OF
ILLINOIS, STACI M. YANDLE, J.
PHIL GILBERT, and REONA J.
DALY,

      Defendants.

Case No. 20-CV-01090-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This case is related to two previous cases in this Court. In October 2018, *pro se* Plaintiff Derek Damean Stewart filed a complaint against Elite Imaging ("Elite") alleging various issues related to a magnetic resonance imaging ("MRI") test that he received and claimed was inaccurate. SDIL Case No. 18-CV-02039-JPG-RJD. United States District Judge J. Phil Gilbert dismissed the case without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332 and failure to state a claim under the 28 U.S.C. § 1915(e)(2) *in forma pauperis* ("IFP") screening statute. Stewart then filed another complaint in March 2019 against Elite alleging medical malpractice, double billing, billing code fraud, identity theft, and "attempted murder" from the same encounter. SDIL Case No. 19-CV-00286-SMY. United States District Judge Staci M. Yandle dismissed the case with prejudice for failure to state a claim under the IFP screening statute.

On October 14, 2020, Stewart filed a Complaint against the "Southern District of Illinois"[1], Judge Yandle, Judge Gilbert, and United States Magistrate Judge Reona J. Daly[2] in the case at hand (Doc. 2). In the Complaint, under his basis for jurisdiction, Stewart wrote "Case law, Judicial Misconduct" (Doc. 2, p. 4). Under the amount in controversy, Stewart wrote "750,000 putting my life and health at risk" (*Id.* at 5). Stewart did not provide any further explanation of his claim, but attached the orders of dismissal from his previous Elite cases and the judgments, along with his complaint from the second Elite case before Judge Yandle (*Id.* at 17-18, 20, 49, 50-52). He also attached medical records related to the MRI test from Elite (*Id.* at 25-34). This case is now before the Court for consideration of Stewart's Motion for Leave to Proceed IFP and Motion to Appoint Counsel (Docs. 3 and 4).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." While Stewart appears to be indigent, he has not completely

---

[1] Stewart included "Southern District of Illinois" in the caption of the Complaint. If Stewart intended to name this Court as an opposing party to the suit in addition to the individual judges, there are no claims in the Complaint against the Court to support that notion. In the same vein, *sua sponte*, the undersigned District Judge finds that he need not recuse himself from this case. As the Seventh Circuit Judicial Counsel noted in *In Re* Complaint Against District Judge J. Phil Gilbert, No. 07-15-90073, "nothing in [28 U.S.C.] §455 or the Canons requires an entire district to recuse itself just because one judge is disqualified." Nor does naming another judge on a Court as a defendant imply that all judges on that Court are biased. *See Box v. Yandle*, 2015 WL 4383211, at *2 (S.D. Ill. July 16, 2015). Furthermore, if it was Stewart's intention to assert claims against the Court in addition to those of the individual judges, under the common law Rule of Necessity, judges are not required to recuse cases, and indeed must not do so, if the case within their jurisdiction cannot be heard otherwise. *See U.S. v. Will*, 449 U.S. 200, 215 (1980); *see also Matter of Skupniewitz*, 73 F.3d 702, 705 n.2 (7th Cir. 1996). Moreover, there is no hint of impropriety here because this Court is only potentially included in the caption of the Complaint, not in the body of Complaint.

[2] Judge Daly was the assigned as the United States Magistrate in both Elite suits.

satisfied this requirement because he has not signed his affidavit. Accordingly, the Motion for IFP is **DENIED without prejudice** and Stewart may file a properly supported IFP motion which the court will reconsider if he so chooses.

The Court elects to give threshold scrutiny to Stewart's Complaint in the meantime. Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Stewart's motion for IFP requires the undersigned District Judge to closely review the allegations of his petition.

Stewart's claim fails this additional level of review. One problem here is that Stewart's claim for monetary damages is not explained with any particularity. While this Court construes *pro se* complaints liberally, a monetary damages amount along with a broad allegation of endangering life and safety, without any facts, makes the claims less than plausible. That alone allows the Court to dismiss without prejudice. But judges, when they are sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. 335, 347 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Therefore, because the opposing parties

to the Complaint are judicially immune from suit, the Complaint is also legally frivolous in that "it lacks an arguable basis . . . in law" and should be dismissed with prejudice. *Alston v. DeBruyn,* 13 F.3d 1036, 1039 (7th Cir. 1994).

For the foregoing reasons, Plaintiff Derek Damean Stewart's case is **DISMISSED with prejudice**. Stewart's Motion for IFP (Doc. 3) is **DENIED without prejudice** and he may file a properly supported IFP motion to avoid owing any filing fee for this case. His Motion to Appoint Counsel (Doc. 4) is **DENIED** as **MOOT**. Additionally, because claims of judicial misconduct are not in the province of this Court, Stewart must separately bring any remaining claim of judicial misconduct directly to the United States Court of Appeals for the Seventh Circuit himself.

**IT IS SO ORDERED.**

DATED:   October 22, 2020

s/ *Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**U.S. District Judge**
